Good morning, Your Honor. May it please the Court, my name is Andrew Bowman. I represent the Plaintiff Trikona Advisers. There are three counts in the Chung complaint brought August 6, 2012. Conversion, that is conversion of a customer relationship database. The second count was aiding and abetting in the breach of Chung's fiduciary duty. And the third was misappropriation of trade secrets. And all of those issues were brought up in, at least subject of, what I will refer to, you may not want to, as the companion case here, which is sub judice before a panel of this Court, right? Absolutely. Okay. You know, I find myself a little unsure of how the Court wishes to hear the argument this morning because we did argue all of the preclusion issues in August. Right. I'm just curious why they weren't consolidated, the two appeals. I know that the transfer from Judge Weinstein to Connecticut occurred after, I think, Judge Underhill issued the summary judgment, so that makes some sense. But why aren't they combined here? I think there wasn't agreement on combining them, and so no formal motion was made. Judge Weinstein, of course, ruled that Ms. Chung's conduct was an independent tort on counts 1 and 3, and therefore he denied summary judgment to the defendants. Subsequently, the case went back to Connecticut, and Judge Underhill, construing the defendant's motion to reconsider as a renewed motion for summary judgment, granted summary judgment on exactly the same grounds as he had in the Chug case. Are you arguing that he should not have done that procedurally? I'm not making that he shouldn't have done. He was wrong. Well, I read, though, the decision of Judge Weinstein. It was an oral decision in a transcript. And he was basically just saying this case should be in Connecticut. And he finally, at the end of the hearing, got everybody to agree with it, and then he denied the motion for summary judgment. Is that a fairer description of what he did? I think what's fair is that he denied it on counts 1 and 2, granted it on count I'm sorry, 1 and 3, granted it on 2, because 2 was aiding and abetting Chug. And he was trying to give credit to Judge Underhill's ruling in Chug. But he then said that this could be independent conduct. She could have stolen the database herself, and it was not dependent upon Chug's conduct. All the other arguments that we make in our brief have to do with the original appeal, which is under decision by the other panel. And you know what the rule, the jurisprudential rule of this court is, correct? That the first panel to get the issue or issues will write the law of the circuit on those issue or issues. That's my understanding, Your Honor. And the rest of us will follow, unless there's some reason to go in bank or whatever. So what distinguishes this case is Judge Weinstein's finding that Ms. Chug acted independently. Well, that wasn't a factual finding, right? That was based on pleadings. Yes, Your Honor. That's correct, because the only issue in the summary judgment filings was issue preclusion. Right. But then Judge Underhill disagreed with that, right? He did. You know, basically, what he said, you know, the record's clear that he said he thought that Judge Weinstein was more interested in getting the case transferred to Connecticut than ruling on the motion for summary judgment. I wouldn't make that argument about a distinguished judge. I mean, I think he was right. They're both distinguished judges. They both are. No question. No question. But I think that it puts us in a position here, arguing this appeal, that the distinguishing quality here is that Ms. Chug is alleged to have acted independently, and Judge Weinstein found that. If the first panel decides the case adversely to us on the issue of issue preclusion, it depends — I'd say it depends on exactly how they handle the issue with respect to whether that just would rule out our claim against Ms. Chug. Or whether you have further arguments to make that should be considered, right? Absolutely. Absolutely. So, well, we'll hear from — is that what you have for now? I'm not trying to cut you off. Yeah. I mean, no, I have — You've got some time. Listen, I have an argument to make about issue preclusion, which I'm sure you don't — you have an argument to the previous panel. Thank you, Your Honor. I don't mean to cut my colleagues off. Well, actually, just one question. Is Ms. Chug a U.S. citizen? This is just a jurisdictional question. She's a citizen of Nassau County. She's a citizen of New York State and a citizen of the United States, as opposed to a permanent resident. I think in terms of diversity, she's a citizen of the Eastern District. I don't know what her — whether she is a citizen or whether she is not a citizen. If she's not a U.S. citizen, then there's no jurisdiction, because there would be aliens on both sides of the V. But I'll ask your opponent about that. Thank you. And you have reserved time for rebuttal, Mr. Bowman. Mr. Savick? Good morning, Your Honors. Stefan Savick for Ms. Chuang — Ms. Kaitlyn Chuang. Mr. Savick, the podium will come up a little if you press the button to your right. Yes, the up button. There you go. Thank you, Your Honor. Thank you. The court should affirm Judge Underhill's decision dismissing Tal's claims because they are precluded by the factual findings of the Grand Court of the Cayman Islands. The Grand Court of the Cayman Islands has heard these exact issues during a multi-day trial where it examined evidence, it heard witness testimony — the witnesses were cross-examined — and found that these exact allegations, the issues that are pending before this Court now and that were pending in the so-called Truk action, as the parties have been referring to it, have no merit whatsoever, and even noting that it is a dishonest, abusive process. But isn't the prior panel of our Court that heard argument in August of this year deciding whether that would constitute or does constitute either res judicata or issue preclusion in the case that's on appeal and that was heard in August? Yes, Your Honor, certainly. And it is — And that decision will bind us — I'm sorry, well, that decision will articulate the law which we will then follow. Would you agree with that? That is correct. As Your Honor noted earlier, the first panel to make the decision makes the law on this issue. Now, for purposes of res judicata, as Judge Friendly noted, res judicata protects wrong decisions just as much as good decisions. And that is why one of the appellee's arguments, Ms. Chuang's arguments, is that this whole line of arguments about the Truk decision being incorrectly decided does not really belong in this case and in this appeal. But you raised the issue of the Kamen decision. There's a lot in there about Kalra and Chu. Is there anything in there about Chun specifically? There is not, Your Honor. That is because Ms. Chuang is an administrative assistant. She is a secretary. She owns no equity in any of the companies involved in this action or the related actions. And indeed, she was never a litigant in an action before. This is a very new experience for her and one that has been causing a lot of stress over the past several years, since 2012, when this action was instituted. And to briefly address the Court's jurisdictional issue, there are no jurisdictional issues. Ms. Chuang is the citizen of the United States, and for purposes of 1332, she is a citizen of New York State. Thank you. An argument that Ms. Chuang made to the trial court that the trial court did not address because it dismissed all of the claims on collateral estoppel grounds is that the claims in the present case are also precluded by a doctrine of res judicata being precluded by the related by Judge Underhill's decision in the related action. And because the argument wasn't addressed by Judge Underhill but was brought below, it is appropriate as an alternative ground to affirm the decision to be brought here. Having chosen not to file a reply, there's no opposition to that argument, and there has really been no discussion on the issue. But that is another ground on which this panel can affirm Judge Underhill's decision dismissing all the claims against Ms. Chuang. And the ---- So you're arguing that it could be ---- that this panel could decide on the basis of collateral estoppel just as the Chugh decision based on the Kamen judgment, or that it could decide this based on res judicata as to Judge Underhill's decision? Yes. Between those two, do you have ---- which is your argument, or is it just both, either one? Ms. Chuang has no preference between the two, since Judge Underhill went into a very deliberate consideration of the collateral estoppel arguments that may be the more adequate one to be affirmed, as there has been no discussion of res judicata arguments in this particular case. And the appellant spent most of the oral argument that we just heard on the issue of an independent tort and how the torts in this case are independent of those brought previously before Judge Underhill in the Chugh action. Now, this was brought for the first time during these oral arguments. This was not something that was briefed in the appellant's brief. As a matter of fact, there's one sentence, one mention, simply saying that without any reference to authority, and is really the basis for why this Court should dismiss the appeal for violating Rule 28 and inadequately arguing its position. So let me ask you this question sort of in ---- and I ---- we each come to this independently. Each of the members of the panel come to this independently and without having debated any issues among us, but it seems to me, and I'm speaking for myself only, that it may make sense for us basically to put on hold our consideration of this appeal until we get a decision from the panel that has heard the issues prior to this, because many of those very same issues, it seems to me, on the record here are identical and the arguments have been made there. In fact, if one looks at the appellant's brief here, it's pretty much verbatim, or large portions of it are verbatim, what was argued previously. From judicial efficiency perspective, certainly, however, going back to the nature of the parties involved, mainly Ms. Chuang's role as a litigant here that has been seriously affecting her life and simply like her everyday routine, knowing that she is being sued in federal court in a state that she doesn't live in for millions of dollars, is another consideration I believe that the panel may consider in determining whether it should withhold any decision pending the resolution of the related action. Can I just go back and ask you something? I think you said this is the first time it was raised today that she acted independently and there was independent torts running against her? Before the Second Circuit, that is correct. But it was raised before Judge Weinstein, though, right? It was raised before Judge Weinstein, and Judge Underhill disagreed with that factual finding. And again, it wasn't a factual finding, it was based on the allegations in the complaint, and the issue has not been preserved for the appeal. Before this Court in this particular action, yes, Your Honor. I see that I have some time left, but if the Court has no further questions and if it pleases the Court, I'd like to waive the remainder of my time. Thank you, Mr. Savitch. Thank you. Mr. Bowman? I thought the basis for Judge Weinstein's ruling was that she did — she is alleged to have committed an independent tort. I mean, he granted summary judgment on the aiding and abetting, but he denied summary judgment on the first and third counts of conversion and misappropriation. But did you raise it on appeal, I guess, is the question, right? Well, I think that what I argued was that Judge — that Judge Underhill overruled Judge Weinstein when Judge Weinstein held that she had committed an independent tort, and on that basis, the case could go forward. I mean, that was really the basis for the appeal in her case. Well, even if we assume that what Judge Under — well, let's say that what Judge Underhill did was actually take the matter up on reconsideration and disagree with the prior decision and issue one. Was he without authority to do that? I think he was without authority to do — to grant a rehearing on a motion for summary judgment that was decided by another district judge. It's interesting what he said. He said, I'm not ruling on whether she had privity or not with Chugh. He said, I'm just ruling on the basis of issue preclusion because the Cayman Court ruled that there was no theft. And that was an issue that was raised between Chugh and Kalra, who were — who were representatives of the two parties, ARC in Haida on one side and Asia Pacific on the other side. But he — Judge Underhill never even relied upon privity in terms of rehearing the motion for summary judgment. So, yeah, I mean, the only basis here is that she committed an independent tort. That's what it's about. Thank you. Thank you. Thank you, Mr. Bowman. Thank you, Mr. Savage. We'll reserve decision.